UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON AND MAINE CORPORATION,<br><br>Plaintiff,<br><br>-v.-<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11656-RCL<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S ANSWER AND DEFENSES
TO DEFENDANT'S COUNTERCLAIMS**

The plaintiff, Boston and Maine Corporation ("B&M"), answers the counterclaims of the defendant, Massachusetts Bay Transportation Authority ("MBTA"), as follows:

1. B&M denies the allegations of Paragraph 1 insofar as such allegations require a response.

2. B&M admits the allegations of Paragraph 2.

3. B&M admits the allegations of Paragraph 3.

4. B&M admits the allegations of Paragraph 4.

5. B&M admits the allegations of Paragraph 5, except lacks knowledge sufficient to form a belief as to the truth of the allegation that the site has been used as a railroad maintenance facility since the later 1800s.

6. B&M admits the allegations of Paragraph 6, except lacks knowledge sufficient to form a belief as to the truth of the allegation that B&M conducted "other commercial activities" at the former Boston Engine Terminal site.

7. B&M denies the allegations of Paragraph 7.

8. B&M denies the allegations of Paragraph 8.

9. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. B&M admits that MBTA submitted a report to the Massachusetts Department of Environmental Protection in or about October 2002, states that the report speaks for itself as to its contents, and otherwise denies the allegations of Paragraph 15.

16. B&M lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. B&M admits that on or about May 4, 2004, MBTA sent to B&M the letter that is Exhibit B to the complaint in this action, states that the letter speaks for itself as to its contents, and otherwise denies the allegations of Paragraph 17.

18. B&M admits the allegations of Paragraph 18.

19. B&M admits the allegations of Paragraph 19.

20. Aside from stating that the complaint in this action speaks for itself, B&M denies the allegations of Paragraph 20.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, B&M denies the allegations of Paragraph 21.

22. B&M denies the allegations of Paragraph 22.

23. B&M denies the allegations of Paragraph 23.

24. B&M denies the allegations of Paragraph 24.

25. B&M denies the allegations of Paragraph 25.

26. B&M repeats its responses to the allegations of Paragraphs 1 through 25.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, B&M denies the allegations of Paragraph 27.

28. B&M admits the allegations of Paragraph 28.

29. B&M denies the allegations of Paragraph 29.

### Defenses

B&M's defenses to MBTA's counterclaims are as follows:

1. The counterclaims are barred by B&M's 1983 bankruptcy discharge and the permanent injunction issued by this Court in connection therewith.

2.  This Court lacks subject matter jurisdiction over the counterclaims.

3.  The counterclaims fail to state claims on which relief can be granted.

4.  The counterclaims are barred by the applicable statute of limitations.

5.  The counterclaims are barred by laches.

6.  B&M is not responsible for any remediation expenses of MBTA because MBTA failed to incur such costs necessarily, reasonably, or consistently with the Massachusetts Contingency Plan.

7.  MBTA has failed to join one or more indispensable parties.

8.  If there is or was contamination at the former Boston Engine Terminal site, it was caused not by B&M but wholly or partly by MBTA and by third parties.

Respectfully submitted,

*/s/ Robert B. Culliford*

Robert B. Culliford (BBO #638468)
14 Aviation Avenue
Portsmouth NH 03801
Tel. 603-766-2002

Eric L. Hirschhorn
Susan A. MacIntyre
Winston & Strawn LLP
1700 K Street, N.W.
Washington DC 20006
Tel. 202-282-5000

                                      Terry John Malik
                                      Winston & Strawn LLP
                                      35 West Wacker Drive
                                      Chicago IL 60601
                                      Tel. 312-558-5600

                                      *Counsel for Plaintiff*
                                       *Boston and Maine Corporation*

October 27, 2005

DC:427402.5