UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSTON AND MAINE CORPORATION,<br><br>Plaintiff,<br><br>-v.-<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>Defendant. | Civil Action No. 05-11656-RCL |

FILED
IN CLERKS OFFICE

2005 NOV -8 P 3: 10

DISTRICT COURT
DISTRICT OF MASS.

**JOINT STATEMENT OF THE PARTIES
PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Local Rule 16.1(D) and the Court's order of October 5, 2005, the parties hereby present the following joint statement:

1.  Counsel for the parties conferred by telephone on October 26, 2005. Aside from the proposed pretrial schedule that appears below, the only agenda item proposed by the parties is whether the defendant, Massachusetts Bay Transportation Authority (the "MBTA"), intends to press its first defense, namely that this Court lacks jurisdiction over the subject matter of this action.

2.  The position of the plaintiff, Boston and Maine Corporation ("B&M") is that MBTA, by seeking to recover alleged environmental cleanup costs in respect of the Boston Engine Terminal ("Terminal") from B&M, is violating the bankruptcy consummation order issued by this Court in 1983. This Court should declare that most or all of the costs for which

B&M allegedly is responsible were discharged in bankruptcy and should enjoin MBTA from continuing to seek recovery from B&M. It is further B&M's position that between the effective date of the 1983 consummation order and the time in 1986 when B&M ceased its involvement with the Terminal, there were no cost-generating environmental events at the Terminal for which B&M is responsible.

3. The position of defendant MBTA is that, in essence, this action presents a claim arising under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, M.G.L. c. 21E ("Chapter 21E"), to which the B&M has asserted the defense of discharge in bankruptcy. It is the MBTA's further position that its claims against the B&M for recovery of environmental response costs, which were incurred on account of releases of diesel fuel at the Terminal while the B&M owned or operated the Terminal, were not discharged by the 1983 bankruptcy consummation order because the MBTA's present claims were not in the fair contemplation of the parties at the time of the order. The MBTA therefore counterclaims to recover costs it has incurred and will continue to incur in responding to historic contamination at the Terminal caused by the B&M. The counterclaims are brought pursuant to Section 4 of Chapter 21E, which provides for reimbursement of response costs from other liable parties and for a declaratory judgment of future rights and responsibilities of the parties under Chapter 21E. To date, the MBTA has incurred response costs in an amount not less than $15,340,810 by reason of releases at the Terminal caused by the B&M. It is also the position of the MBTA that, even if the B&M prevails on its defense of discharge in bankruptcy, because there were releases of diesel fuel for which the B&M is responsible for a period of years after the effective date of

the consummation order, the B&M is still liable for the greater part of those costs, without any legal requirement to relate particular costs to particular releases.

At this time there are no other parties to the action.

4.  The parties have agreed to propose the following pretrial schedule (including discovery plan):

Initial phase—bankruptcy discharge issue.

| | | |
|---|---|---|
| - | Fact discovery opens | December 1, 2005 |
| - | Fact discovery completed | February 28, 2006 |
| - | Provide expert reports | March 15, 2006 |
| - | Expert discovery completed | March 31, 2006 |
| - | File partial summary judgment motions | May 1, 2006 |
| - | File oppositions to same | May 22, 2006 |
| - | File replies to same | June 12, 2006 |

Second phase—liability and damages aspects.

| | | |
|---|---|---|
| - | Open fact discovery | Two weeks after partial summary judgment motions decided |
| - | Close fact discovery | Six months thereafter. |
| - | Provide expert reports | One month thereafter. |
| - | Conclude expert discovery | One month thereafter. |
| - | File summary judgment motions | One month thereafter. |
| - | File opposition to same | Three weeks thereafter. |
| - | File replies to same | Two weeks thereafter. |

5.  Each party has executed a Certification Pursuant to Local Rule 16.1(D)(3), which shall be filed separately.

6.  The parties will not consent to trial by a U.S. Magistrate Judge.

Respectfully submitted,

| BOSTON AND MAINE CORPORATION, | MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, |
|---|---|
| By its attorneys: | By its attorneys: |
| *Eric L. Hirschhorn (by A. McDevitt)* | *[signature]* |
| Eric L. Hirschhorn | John M. Stevens |
| Winston & Strawn LLP | Alicia Barton McDevitt |
| 1700 K Street, N.W. | Foley Hoag LLP |
| Washington DC  20006 | 155 Seaport Boulevard |
| (202) 282-5000 | Boston, Massachusetts  02210-2600 |
| | (617)  832-1000 |
| Dated: November 8, 2005 | Dated: November 8, 2005 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSTON AND MAINE CORPORATION,<br><br>Plaintiff,<br><br>-v.-<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11656-RCL<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
IN CLERKS OFFICE

2005 NOV -8  P 3: 10

DISTRICT COURT
DISTRICT OF MASS.

### CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

Defendant Massachusetts Bay Transportation Authority, and its counsel herein, hereby certify that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course-- and various alternative courses-- of litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution such as those outlined in LR 16.4.

_____
William A. Mitchell, Jr. BBO #349520
General Counsel
MBTA
Transportation Building
Ten Park Plaza, Room 7760
Boston, MA  02116

_____
John M. Stevens, BBO #480140
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210-2600

B3116967.1