## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— x

BOSTON AND MAINE : 
CORPORATION, :
 :
 :
                Plaintiff, :
 :
 :
 :
      -v.- :             Civil Action No. 05-11656-RCL
 :
 :
MASSACHUSETTS BAY :
TRANSPORTATION AUTHORITY :
 :
            Defendant. :
 :
 :
———————————————————— x

### DECLARATION OF ROBERT B. CULLIFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Robert B. Culliford declares as follows:

1.     I am the Senior Vice President and General Counsel to Boston & Maine Corporation

("B&M"), the Plaintiff in this action. As such I am familiar with the facts and circumstances of

this case. My knowledge comes from my own personal knowledge, from corporate records, and

from documents cited herein.

2.     I make this declaration in support of the Plaintiff's Motion for Partial Summary Judgment

to enforce the Consummation Order issued in B&M's bankruptcy proceedings and to enjoin

MBTA's assertion of a claim for environmental cleanup costs at the BET for releases prior to

June 30, 1983. I also make this declaration in support of a declaratory judgment by this Court

that MBTA's claim is contractually limited by a prior contractual arrangement between MBTA and the Trustees of B&M's bankruptcy estate.

3.      The documents produced in this action by B&M, with bates labels bearing the prefix "BM," are authentic copies of business records maintained by B&M in the ordinary course of business, and it was the regular practice of B&M to keep such records.  All documents produced in this action by MBTA, Bates labeled with prefix "MBTA," were produced by MBTA in response to B&M's discovery requests and are presumed to be authentic.

4.      MBTA itself has indicated that it is the second largest property owner in Massachusetts (See Declaration of Roger Bergeron in Support of Motion for Partial Summary Judgment ¶ 6 & Exh. 1) (relevant documents attached as Exhibit 1).

5.      MBTA's expert witness in this matter, supported by B&M's expert witness, has testified that it would not have been plausible that MBTA, as one of the largest landowners in Massachusetts—one that owned numerous commuter rail/railroad facilities—was unaware of the enactment of Chapter 21E in March 1983 (relevant documents attached as Exhibits 2-3).

6.      Specifically, John C. Drobinski, B&M's expert witness, stated that it is reasonable to assume that the owner-operator of a commuter railroad in the Boston, Massachusetts area in 1982 and the first half of 1983 would have been aware of the consideration and enactment by the Massachusetts General Court of the legislation now known as the Massachusetts Oil and Hazardous Material Release Prevention Act, Chapter 21E of the Massachusetts General Laws, and the likely consequences of such enactment (relevant documents attached as Exhibit 2).

7.      Mr. Drobinski further stated that "since MBTA is a quasi-governmental agency it is hard to imagine it was not aware of the legislative process" (relevant documents attached as Exhibit 4).

8.    Mr. Drobinski also stated that "it is my opinion that it is reasonable to assume and was likely that by no later than the first half of 1983, MBTA was aware of the consideration and enactment of Chapter 21E" (relevant documents attached as Exhibit 4).

9.    Mr. Drobinski additionally stated that "it is reasonable to assume and likely that by no later than the first half of 1983 MBTA would have been aware of its potential liability for clean-up or clean-up costs based on MGL 21E or other laws" (relevant documents attached as Exhibit 4).

10.    M.G.L. Chapter 21E and its legislative consideration were well publicized prior to its enactment (relevant documents attached as Exhibits 2, 5-11).

11.    MBTA was aware or should have been aware of the consideration and enactment of Chapter 21E (relevant documents attached as Exhibits 2-3).

12.    MBTA's own expert, Wesley Stimpson, testified in his deposition that, regarding the enactment of Chapter 21E, "[i]t is possible there is someone within the MBTA structure that might have known about it, yes" (relevant documents attached as Exhibit 3).

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed May 31, 2006.

Robert B. Culliford